**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| VICTOR FRANCISCO ESTRADA ARAUJO, | ) ) ) | |
| Petitioner, | ) ) | |
| -vs- | ) ) | NO. CIV-26-1257-HE |
| ROBERT CERNA, Acting Field Office Director of Dallas Office, U.S. Immigration and Customs Enforcement, et al., | ) ) ) ) ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Victor Francisco Estrada Araujo seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to force review of the legality of his detention by United States Immigration and Customs Enforcement (ICE).

According to the habeas petition and record, petitioner is a native and citizen of Venezuela who entered the United States at or near Del Rio, Texas on or about June 3, 2021. Thereafter, on or about August 31, 2021, petitioner was arrested pursuant to a Warrant for Arrest of Alien and placed into removal proceedings through issuance of a Notice to Appear, charging petitioner as subject to removal pursuant to section 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1182(a)(6)(A)(i), as being an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. The record indicates that petitioner was released on his own

recognizance pursuant to section 236 of the INA, codified at 8 U.S.C. § 1226, and thereafter applied for asylum and withholding of removal.  The petition and record indicate that when petitioner appeared for a scheduled check-in at ICE's Dallas, Texas office on April 14, 2026, ICE took him into custody.  He is currently held at Diamondback Correctional Facility in Watonga, Oklahoma.  The record indicates on June 3, 2026, the immigration judge denied petitioner's application for asylum and withholding of removal and ordered him removed to Venezuela.[1]

In the habeas petition, petitioner claims 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A) governs his detention and his detention pursuant to § 1225(b)(2)(A) violates the INA and the Fifth Amendment due process clause.  Petitioner requests immediate release from custody under reasonable conditions of supervision or alternatively, an adequate custody hearing before a neutral decisionmaker.  As ordered by the court, the federal respondents have responded to the petition.  They assert that petitioner is properly detained under § 1225(b)(2)(A) and request the court to deny the habeas petition.  No reply has been filed by petitioner.

Upon review, the court concludes the habeas petition should be granted in part. Respondents "acknowledge that the Court has ruled on these and similar issues" in Ramirez

---

[1] *The Executive Office for Immigration Review's data portal providing Automated Case Information, of which the court takes judicial notice, indicates that any appeal to the immigration judge's removal order is due by July 6, 2026.  See A 220-481-946, https://acis.eoir.justic.gov/en/case Information (Last visited June 23, 2026).  Once a decision to remove an alien becomes "administratively final", it triggers, per 8 U.S.C. § 1231, a removal period during which the alien must be detained.  See Johnson v. Guzman Chavez, 594 U.S. 523, 528 (2021).  The removal order involved here is not yet final.  As such, the court rejects respondents' argument that petitioner's request for habeas relief is moot.*

Rojas v. Noem, No. CIV-25-1236-HE, 2026 WL 94641, **1-2 (W.D. Okla. Jan. 13, 2026), and Li v. Grant, No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Jan. 20, 2026), and "understand the present case may be decided in similar fashion." [Doc. #6, ECF p. 10]. Nonetheless, based upon Avila v. Bondi, No. 25-3248, 170 F.4th 1128, 1133-38 (8th Cir. 2026) and Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502-08 (5th Cir. 2026), as well as Gutierrez Sosa v. Holt, Case No. CIV-25-1257-PRW, 2026 WL 36344, at **3-5 (W.D. Okla. Jan. 6, 2026) and Montoya v. Holt, Case No. CIV-25-1231-JD, 2025 WL 3733302, at **5-12 (W.D. Okla. Dec. 26, 2025), respondents reassert their position that petitioner is properly held pursuant to § 1225(b)(2)(A).

The court declines to reconsider its prior ruling in Ramirez Rojas v. Noem that 8 U.S.C. § 1226(a) governs detention under similar circumstances as those presented here. The conflicting decisions of the judges in this district and the 2-1 decisions in Avila and Buenrostro-Mendez make clear that strong arguments support both statutory readings of the parties. However, the court remains persuaded that § 1226(a) governs and continues to follow similar rulings by the judges in this district[2] and the Courts of Appeals in Lopez-Campos v. Raycraft, 175 F.4th 713, 719-32 (6th Cir. 2026); Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258, 1261-85 (11th Cir. 2026); Barbosa da Cunha v. Freden, 175 F.4th 61, 70-96 (2d Cir. 2026), among others. Further, the court

---

[2] *See Lopez v. Corecivic Cimmaron Correctional Facility, Case No. CIV-25-1175-SLP, 2026 WL 165490, at **3-7 (W.D. Okla. Jan. 21, 2026); Valdez v. Holt, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); Colin v. Holt, Case No. CIV-25-1189-D, 2025 WL 3645176, at *2 (W.D. Okla. Dec. 16, 2025), Escarcega v. Olson, Case No. CIV-25-1129-J, 2025 WL 3243438, at *1 (W.D. Okla. Nov. 20, 2025).*

declines to reconsider its ruling that § 1225(b)(2)(A) does not apply even though petitioner filed an asylum application.

Because § 1226(a) governs petitioner's detention, the court concludes that he is entitled to an individualized bond hearing.[3] The court will therefore grant the habeas petition in part[4] and order respondents to provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

Accordingly, the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1] is **GRANTED in part**.  Respondents are **ORDERED** to provide petitioner with a bond hearing under 8 U.S.C. § 1226(a) within **seven (7) business days** or otherwise release petitioner if he has not received a lawful bond hearing within that period. Respondents are further **ORDERED** to certify compliance by filing a status report within **ten (10) business days** of the court's order.

A separate judgment will be entered.

**IT IS SO ORDERED**.

Dated this 23rd day of June, 2026.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[3] *The court rejects respondents' argument that petitioner's habeas petition should be dismissed for failure to exhaust administrative remedies.  See Becerra-Paredes v. Noem, No. 1:26-cv-0549 JB/DLM, 2026 WL 1284139, at \*\*6-7 (D.N.M. May 11, 2026).  In addition, the court rejects respondents' argument that 8 U.S.C. § 1226(e) precludes habeas relief to the extent petitioner challenges his detention pursuant to 8 U.S.C. § 1225(b)(2)(A) and seeks an individualized bond hearing in accordance with 8 U.S.C. § 1226(a).*

[4] *In light of its ruling that § 1226(a) governs petitioner's detention, the court declines to decide the merits of petitioner's other claims.*